

FILED
Jun 18, 2026
11:46 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| JAIRO NOE MORALES VILLAREAL,<br>     Petitioner,<br>v.<br>HANDYMAN HOME IMPROVEMENT, LLC<br>     Respondent,<br>and<br>HECTOR CERDA,<br>     Respondent. | Docket No. 2025-60-2740<br><br>State File No. 860121-2025<br><br>Judge Robert Durham |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

At a May 29, 2026 expedited hearing, Mr. Morales requested benefits after a fall from a ladder fractured several vertebrae in his thoracic spine. For the reasons below, Mr. Morales is likely to prove that Handyman Home Improvement, LLC must provide medical benefits for his work-related injury. However, he did not submit sufficient evidence to support an award of temporary disability benefits.

### Procedural History

Mr. Morales originally filed a petition for benefit determination naming only Mr. Cerda as his employer. After an expedited hearing, the Court ruled that Mr. Morales had not shown he was likely to prove Mr. Cerda was his employer. He named Handyman Home Improvement, LLC as his employer in his Rule 72 Statement, and that business was also named as the employer in the Bureau's Expedited Request for Investigation report. The report listed Angelica Espinoza as Handyman's owner, and she lives with Mr. Cerda.

Mr. Morales then amended his petition to add Handyman as a potential employer and filed a new request for expedited hearing. During a conference call to

schedule the hearing, the Court informed Ms. Espinoza that Handyman must have an attorney to represent its interests at the hearing.

At the expedited hearing, Mr. Morales appeared by telephone since he is currently living in Mexico. Mr. Cerda appeared for himself. Ms. Espinoza did not appear, nor did an attorney for Handyman.

## History of Claim

On July 2, 2024, Mr. Morales fell more than 25 feet from a ladder while painting a house. The accident resulted in several vertebrae fractures, a fractured sternum, and 12 days in Vanderbilt hospital. Mr. Morales testified that he did not return to work after the injury and remains disabled. He is seeking temporary disability benefits and continued medical treatment in Mexico, where he had to move to receive assistance from his family.

Mr. Morales testified that when he was released from the hospital, Mr. Cerda brought him home, fed him, and gave him $300 a week for two months, but that is all he received.

He remains in a lot of pain due to the torn area around his thoracic discs. This limits his ability to walk and engage in activities he could do before the injury. He testified that the pain requires him to frequently lie in bed.

Mr. Morales unequivocally testified that he was working for Handyman as a house painter when he was injured. Handyman hired him through Mr. Cerda. It controlled his work by telling him where to go and giving him instructions to prepare for the next day and providing all the tools and supplies necessary to do the job. It coordinated his work schedule and communicated with the customers. Handyman paid him in cash each week, although he did not testify about the amount he received.

After Mr. Morales's testimony, Mr. Cerda moved the Court to dismiss the claim against him.

## Law and Analysis

To obtain his requested benefits, Mr. Morales must show a likelihood of prevailing at a compensation hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

He must first establish that he was an employee of Handyman on the day he was injured. Tennessee Code Annotated section 50-6-102(11)(D)(i) lists the factors the Court must consider in determining whether Mr. Morales was an employee:

(a)     The right to control the conduct of the work;
(b)     The right of termination;
(c)     The method of payment;
(d)     The freedom to select and hire helpers;
(e)     The furnishing of tools and equipment;
(f)     Self-scheduling of working hours; and
(g)     The freedom to offer services to other entities.

Mr. Morales submitted undisputed testimony that Handyman controlled where he worked, how he performed certain duties, paid him weekly, provided all his tools and equipment and coordinated all contact with the customers. The Court finds Mr. Morales's testimony consistent and credible.  Given these facts, Mr. Morales was an employee and not an independent contractor of Handyman.

Since Mr. Morales was injured while painting a home for Handyman, Handyman was a construction services provider under section 50-6-902.  Thus, it must provide workers' compensation benefits even though it may have had fewer than five employees.

Undisputed evidence establishes that Mr. Morales suffered a compensable work-related injury to his sternum and thoracic spine as defined under section 50-6-102(12). Thus, Handyman must provide reasonable and necessary medical treatment as well as pay any disability benefits stemming from the injury.

Handyman must pay Mr. Morales's medical expenses for treating his work injury at Vanderbilt.  Further, Handyman must submit a panel of orthopedists in the community in Mexico where Mr. Morales lives so he can choose an orthopedist for reasonable and necessary treatment of his work injury, or Handyman must pay for his return visits to Vanderbilt.

As for temporary disability benefits, Mr. Morales has not submitted evidence documenting his wages with Handyman or whether he has returned to any type of employment.  He has also not provided medical evidence as to the duration of his work-related inability to work. *Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).  Thus, the Court cannot order temporary disability benefits at this time.

Given Mr. Morales' unequivocal testimony that he was employed by Handyman and not Mr. Cerda, Mr. Cerda's motion to dismiss the claim against him is granted without prejudice to refiling.

Finally, since Handyman was uninsured at the time of Mr. Morales's injury, Mr. Morales might be entitled to an award of temporary disability benefits and medical expenses from the Uninsured Employers Fund under section 50-6-801. However, to be eligible, Mr. Morales must first establish that he was a Tennessee resident at the time of his injury. Mr. Morales did not produce any evidence as to his residency status at the hearing. Thus, Mr. Morales is not eligible for benefits under section 50-6-801.

IT IS ORDERED.

1. Handyman shall pay all medical expenses from reasonable and necessary medical treatment at Vanderbilt for Mr. Morales' work-related injury of July 2, 2024. Handyman shall further provide a panel of orthopedists in the community in Mexico where Mr. Morales is currently living so he can choose a doctor for further treatment of his work-related injury or shall pay for his return visits to Vanderbilt.

2. Mr. Morales's request for temporary disability benefits is denied.

3. This case is set for a Scheduling Hearing on **July 27, 2026**, at **9:30 a.m. Central Time**. The parties must call 615-253-0010 or 855-689-9049 to participate. Failure to call might result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

5. Mr. Morales has not proven he is entitled to an award of benefits from the Uninsured Employers Fund.

ENTERED June 18, 2026.

**JUDGE ROBERT DURHAM**
**Court of Workers' Compensation Claims**

**APPENDIX**

<u>Exhibits:</u>
1. Mr. Morales's Rule 72 statement
2. Vanderbilt medical records
3. Expedited Request for Investigation report
4. Pictures and texts submitted by Mr. Morales

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on June 18, 2026.

| Name | Cert. Mail | Email | Service sent to: |
|---|---|---|---|
| Jairo Noe Morales Villareal | | X | |
| Hector Cerda | | X | |
| Handyman Home Improvement, LLC c/o Angelica Espinoza | X | X | |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



Right to Appeal:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

**<u>CERTIFICATE OF SERVICE</u>**

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*